```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                        :

DROB COLLECTIBLES, LLC, *et al.*,        :
                                         :

                    Plaintiffs,    :        1:23-cv-00063-GHW-JW
                                         :

              -v-                   :            <u>ORDER</u>
                                         :

LEAF TRADING CARDS, LLC,            :
                                         :

                    Defendant.    :
                                         :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On February 15, 2024, Magistrate Judge Willis issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's Rule 12(b)(6) motion to dismiss Counts I, III, V, VI, and VII. Dkt. No. 27. Judge Willis also denied Defendant's motion to transfer, which is not before this Court for its review. *Id.* at 1; *see also* Dkt. No. 18 (motion to transfer).

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

       No objection to the R&R was submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts

the R&R in its entirety.  For the reasons articulated in the R&R, Defendant's motion to dismiss is granted.

The R&R recommends that the Court deny Plaintiffs leave to amend Counts I, V, VI, and VII but grant Plaintiffs leave to amend Count III of the complaint.  In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  However, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("Under Rule 15(a)(2), leave to amend should be freely given unless there is any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." (emphases in original removed) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).  "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA*, 758 F.3d at 505.

Here, Plaintiffs have yet to amend their complaint, much less with the benefit of the Court's analysis on their claims.  The case remains at a relatively early stage, and an amendment would not necessarily be futile, as certain of its deficiencies may be corrected, as spelled out by the R&R.  In particular, it is possible that the pleading deficiencies the R&R identifies for Counts III and VII may

be cured by further amendment.[1]  *See* R&R at 23–25.

Accordingly, the Court dismisses Counts III and VII without prejudice and grants leave to replead those two claims.  The Court dismisses Counts I, V, and VI with prejudice, without leave to replead.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 15, 17.

SO ORDERED.

Dated:  March 1, 2024
          New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] The R&R's basis for denying leave to replead Count VII is simply that "Plaintiffs allege no specific injury to the public," and the R&R states that, if the Court disagrees with its analysis, the Court should grave leave to amend as to Count VII.  R&R at 23.  It is not clear from the allegations of the Complaint that Plaintiffs will be able to plead any specific injury to the public, but because the Court cannot conclude at this juncture that Plaintiffs cannot do so, the Court finds that amendment of the claim would not be futile.